UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| DEANNA L. BUCHHOLZ, | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | No. 08-CV-2469 |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| a Delaware corporation, and | ) | Judge  JAR/DJW |
| AIMBRIDGE HOSPITALITY, LP, d/b/a | ) | |
| WYNDHAM GARDEN HOTEL, a Texas | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff Deanna L. Buchholz, for her claims and causes of action against

Defendant BNSF Railway Company (hereinafter "BNSF"), a Delaware corporation, and

Defendant, Aimbridge Hospitality, LP, d/b/a Wyndham Garden Hotel, a Texas corporation

(hereinafter "Aimbridge"), and files this her Original Complaint and states and alleges as

follows:

### JURISDICTION AND PARTIES

1.      That at all times material herein, Plaintiff Deanna L. Buchholz was and is a

resident of the City of Bismarck, County of Burleigh, State of North Dakota.

2.      That at all times material hereto, Defendant BNSF was and is a Delaware

corporation organized and existing as a common carrier for hire by rail in and throughout several

states of the United States and for the purpose of operating said railroad did and does own,

possess, operate and maintain railroad cars, tracks and other equipment in the District where this

case is filed.

3.     That at all times material hereto, Defendant Aimbridge was and is a Texas corporation in the business of hotel ownership and management, was incorporated and duly exists under the laws of the State of Texas, co-owns and/or manages and operates the Wyndham Garden Hotel, which offers hotel lodging services to the public at 7000 West 108th Street, in the City of Leawood, State of Kansas.

4.     That at all times herein material, Plaintiff Deanna L. Buchholz was an employee of the Defendant BNSF and was engaged in activities which directly, closely and substantially affected interstate commerce by rail and accordingly the rights, liabilities and duties between the parties are governed by the Federal Employers' Liability Act (FELA) Title 45 U.S.C. §§ 51-60, *et. seq.* This Court has jurisdiction over this cause of action by operation of the Federal Employers' Liability Act (FELA), Title 45 U.S.C. §§ 51-60, *et. seq.*

## COUNT I - AGAINST DEFENDANT BNSF
## VIOLATION OF THE FELA

5.     That Plaintiff Deanna L. Buchholz was employed by Defendant BNSF as its servant and employee, and as such, was working and engaged in interstate transportation and commerce and was working in the furtherance of Defendant BNSF's interstate commerce and in work which directly, closely and substantially affected the general interstate commerce carried on by said Defendant BNSF as a common carrier of freight for hire.

6.     On or about July 14, 2007, Plaintiff Deanna L. Buchholz was engaged in the course and scope of her employment as a conductor and yardmaster trainee for Defendant BNSF at the Wyndham Garden Hotel, 7000 West 108th Street, in Leawood, Kansas, owned by Defendant, Aimbridge.

-2-

7.     That at the aforesaid time and place and in the course and scope of her employment, Plaintiff Deanna L. Buchholz was required by her employer to stay at the Wyndham Garden Hotel, 7000 West 108th Street, in Leawood, Kansas, owned by Defendant Aimbridge, an agent of Defendant BNSF.

8.     That while in the course and scope of her employment as a conductor and yardmaster trainee for Defendant BNSF at the premises owned and operated by Defendant Aimbridge, an agent of Defendant BNSF, Plaintiff Deanna L. Buchholz was caused to sustain severe injuries as hereinafter set forth upon entry into the bathroom of the hotel room in which she was staying when she slipped on water which had leaked onto the bathroom floor following attempted repairs by the hotel maintenance staff to the plumbing system, which was unsafe and negligently constructed and maintained, causing her to fall and to sustain severe and permanent injuries as hereinafter set forth.

9.     That Plaintiff Deanna L. Buchholz sustained severe, permanent, and disabling injuries to her right knee and right leg, and other parts of her body, and the related muscles, nerves, bones, tissues, ligaments and internal parts thereof, in the accident in controversy as a result of the negligence of Defendant BNSF, as set forth below.

10.    That the aforesaid injuries came about as a direct result of the negligence of Defendant BNSF, its agents, employees and officers, in the following particulars and in violation of Title 45 U.S.C. §§ 51-60, *et. seq.*:

a)     in failing and neglecting to provide a reasonably safe place to work;

b)     in failing and neglecting to provide a safe and proper premises, bathroom, work area and property on which to walk and work;

-3-

c)      in failing and neglecting to properly inspect, maintain and repair premises, bathrooms, plumbing fixtures, work areas and properties used by its employees and upon which employees are required to work so that the same became hazardous to the safe footing of Plaintiff;

d)      in negligently creating and permitting a dangerous and hazardous condition to exist on premises, bathrooms, plumbing fixtures, work areas and properties where its employees are required to work;

e)      in failing and neglecting to properly warn Plaintiff and other invitees and guests of the dangerous and hazardous condition;

f)      in negligently assigning Plaintiff to work in an unsafe and dangerous place with dangerous and defective premises, bathrooms, plumbing fixtures, work areas and properties; and,

g)      other acts of negligence.

11.      That one or more of these acts of negligence as set forth in Paragraph 10, caused injury and damage to Plaintiff Deanna L. Buchholz.

12.      That as a result of the negligence of Defendant BNSF as set forth in Paragraph 10, Plaintiff Deanna L. Buchholz was seriously and permanently injured about her body and suffered severe shock to her nervous system.  That she has suffered, now suffers and will in the future continue to suffer permanent physical pain and mental anguish and has incurred fair and reasonable medical expenses because of these injuries and will incur same in the future.  That these injuries have caused Plaintiff Deanna L. Buchholz a loss in wages and income.  That Plaintiff Deanna L. Buchholz's earning capacity is permanently impaired and diminished because of these injuries.

WHEREFORE, Plaintiff Deanna L. Buchholz prays for judgment against the Defendant BNSF, for recovery of special damages and general damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements

-4-

and whatever other relief the Court deems appropriate.

## COUNT II - AGAINST DEFENDANT AIMBRIDGE
## COMMON LAW NEGLIGENCE

13.     Plaintiff re-alleges and incorporates allegations 1 through 12 as if the same were set forth at length herein.

14.     That on July 14, 2007,  Plaintiff Deanna L. Buchholz was an overnight guest at the Wyndham Garden Hotel, 7000 West 108th Street, in Leawood, Kansas, owned by Defendant, Aimbridge Hospitality, LP, a Texas corporation, and was an overnight guest while in the course and scope of her employment as a conductor and yardmaster trainee for Defendant BNSF.

15.     That at the aforesaid time and place and in the course of her job duties, Plaintiff Deanna L. Buchholz was required to stay at the Wyndham Garden Hotel, 7000 West 108th Street, in Leawood, Kansas, owned by Defendant, Aimbridge Hospitality, an agent of Defendant BNSF.

16.     That while lodging at the Wyndham Garden Hotel, 7000 West 108th Street, in Leawood, Kansas, owned by Defendant, Aimbridge, Plaintiff Deanna L. Buchholz was caused to sustain severe injuries as hereinafter set forth upon entry into the bathroom of the hotel room in which she was staying when she slipped on water which had leaked onto the bathroom floor following attempted repairs by the hotel maintenance staff to the plumbing system, which was unsafe and negligently constructed and maintained, causing her to fall and to sustain severe and permanent injuries as hereinafter set forth.

17.     That as a result of the negligence of Defendant Aimbridge and as set forth below, Plaintiff Deanna L. Buchholz sustained severe, permanent, and disabling injuries to her right

knee and right leg, and other parts of her body, and the related muscles, nerves, bones, tissues, ligaments and internal parts thereof, in the accident in controversy as a result of the negligence of Defendant Aimbridge, as set forth below.

18.     Defendant Aimbridge owed Plaintiff Deanna L. Buchholz a duty to exercise reasonable care to inspect its premises and eliminate the danger created by the unsafe condition and to warn of that condition.

19.     That Defendant Aimbridge, by and through the acts of its agents or employees, breached their duty of care by:

a)     failing and neglecting to properly inspect, maintain and repair its premises, bathrooms, plumbing fixtures, work areas and properties used by its invitees and guests so that the same became hazardous to the safe footing of Plaintiff;

b)     in negligently creating and permitting a dangerous and hazardous condition to exist on its premises;

c)     in failing and neglecting to adopt, install, implement and enforce a safe method and procedure for the repair and upkeep of its premises, bathrooms, plumbing fixtures, work areas and properties;

d)     in failing and neglecting to properly warn Plaintiff Deanna L. Buchholz; and,

e)     other acts of negligence.

20.     That one or more of these acts of negligence, as set forth in Paragraph 19 caused injury and damage to Plaintiff Deanna L. Buchholz.

21.     That as a direct and proximate result of the negligence of Defendant Aimbridge, as set forth in Paragraph 19, Plaintiff Deanna L. Buchholz was seriously and permanently injured about her body and suffered severe shock to her nervous system. That she has suffered, now suffers and will in the future continue to suffer permanent physical pain and mental anguish. That

Plaintiff Deanna L. Buchholz has incurred fair and reasonable medical expenses because of these injuries and will incur same in the future.  That these injuries have caused Plaintiff Deanna L. Buchholz a loss in wages and income.  That Plaintiff Deanna L. Buchholz's earning capacity is permanently impaired and diminished because of these injuries.

WHEREFORE, Plaintiff Deanna L. Buchholz prays for judgment against the Defendant Aimbridge Hospitality, LP, for recovery of special damages and general damages in an amount sufficient to fully compensate Plaintiff for the damages and losses suffered, together with all costs, disbursements and whatever other relief the Court deems appropriate.

**JURY TRIAL DEMANDED**.

> **YAEGER, JUNGBAUER,**
> **& BARCZAK PLC**
> Paula M. Jossart
> 745 Kasota Ave.
> Minneapolis, MN 55414
> 612-333-6371
> pjossart@yjblaw.com
>
> -AND-
>
> **LOCAL COUNSEL:**
> **HILL, BEAM-WARD, KRUSE,**
> **& WILSON, LLC**

Dated:___9·26·08___

> Thomas R. Hill, #09905
> Bank of America, Ste 200
> 8695 College Blvd
> Overland Park, KS 66210-1871
> 913-339-6888
> (913) 339-9653 Facsimile
> thill@hbwkwlaw.com
>
> **ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND & DESIGNATION OF TRIAL

Plaintiff hereby demands a trial by jury on all issues triable herein.

Plaintiff, pursuant to the Local Rule 40.2, hereby demands the designation of the place of trial as Kansas City, Kansas.

**YAEGER, JUNGBAUER,**
  **& BARCZAK PLD**
Paula M. Jossare
745 Kosota Ave.
Minneapolic, MN 55414
612-333-6371
pjossart@yjblaw.com

-AND-

**LOCAL COUNSEL:**
**HILL, BEAM-WARD, KRUSE,**
  **WILSON & WRIGHT, LLC.**

Dated: 09/26/2008           /s/ Thomas R. Hill
Thomas R. Hill, #09905
Bank of America, Ste. 200
8695 College Blvd.
Overland Park, KS. 66210-1871
(913) 339-6888
(913) 339-9653 Facsimile

**ATTORNEYS FOR PLAINTIFF**